**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANGELA CRUZ; et al., | No. 21-15974 |
| Plaintiffs-Appellants, | D.C. No. |
| v. | 1:15-cv-01563-TLN-EPG |
| MM 879, INC., a corporation, | MEMORANDUM* |
| Defendant, | |
| and | |
| THE SERVICEMASTER COMPANY, LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted May 12, 2022
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christie Goodman (collectively, "Plaintiffs") appeal from the district court's orders granting summary judgment to two sets of defendants: (1) the group consisting of The ServiceMaster Company, LLC; Merry Maids, LP; and MM Maids, LLC (collectively, "Merry Maids Defendants"); and (2) Barrett Business Services, Inc. ("BBSI").

Plaintiffs were formerly employed as home cleaners by MM 879, Inc. ("MM 879"). According to the Merry Maids Defendants' undisputed statement of facts, MM 879 is "an independently owned . . . Merry Maids franchisee based in Fresno and Lodi, California pursuant to a written Franchise Agreement with Merry Maids[,] LP." MM 879 contracted with BBSI, "a professional employment organization," to manage its employees' payroll, benefits, human resources, and more.

In a putative class action suit, Plaintiffs alleged that MM 879's wage and hour practices violated California law. Plaintiffs also alleged that they were jointly employed by both the Merry Maids Defendants and BBSI, as well as by MM 879. The district court first granted summary judgment to the Merry Maids Defendants. It denied Plaintiffs' motion for reconsideration of that order. In a subsequent order, the district court then granted summary judgment to BBSI. The district court held that there was no triable issue of fact as to whether either the Merry

Maids Defendants or BBSI was a joint employer of Plaintiffs. Further, the district court held as a matter of law that the ostensible agency theory did not apply to California Wage Order 5-2001.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a grant of summary judgment de novo." *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014). We affirm the district court's grant of summary judgment to the Merry Maids Defendants, but we reverse the district court's grant of summary judgment to BBSI. We remand for further proceedings.

1. Under California law, a defendant is a joint employer if it "(a) . . . exercise[s] control over the wages, hours[,] or working conditions [of employees;] *or* (b) . . . suffer[s] or permit[s employees] to work[;] *or* (c) . . . engage[s] [employees], thereby creating a common law employment relationship." *Martinez v. Combs*, 231 P.3d 259, 278 (Cal. 2010). Plaintiffs have not established a genuine dispute of material fact whether the Merry Maids Defendants qualified as an employer under any of these three prongs of *Martinez v. Combs*, 231 P.3d 259.

There is no genuine dispute about whether the Merry Maids Defendants exercised, or had the right to exercise, control over Plaintiffs' wages, hours, or working conditions. That the Franchise Agreement directed MM 879 to conduct its business in accordance with written materials provided by the Merry Maids

3

Defendants is insufficient to create such a dispute. Further, MM 879's co-owner testified that he was solely responsible for implementing MM 879's wage and hour practices, and that he was not required to comply with the Merry Maids Defendants' suggested procedures. Similarly, the Merry Maids Defendants did not establish a common law employment relationship with Plaintiffs. As franchisors, they did not satisfy the "principal test of an employment relationship" under the common law: "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello & Sons, Inc. v. Dep't of Indus. Rels.*, 769 P.2d 399, 404 (Cal. 1989).

2. The district court erred in concluding as a matter of law that BBSI is not a joint employer under *Martinez*. To evaluate the third *Martinez* test for joint employment—whether a common law employment relationship was established—we apply the California Supreme Court's analysis in *Ayala v. Antelope Valley Newspapers*, 327 P.3d 165 (Cal. 2014).[1] That Court wrote: "Perhaps the strongest evidence of the right to control is whether the hirer can

---

[1] The district court concluded that *Ayala* is irrelevant to the instant case because "*Ayala* involved a dispute over whether newspaper carriers were independent contractors or employees" and "did not discuss joint employment or the *Martinez* test." *See Ayala*, 327 P.3d at 170–71. But *Martinez* incorporated the common law employment relationship as one of the tests for whether a defendant is a joint employer. *Martinez*, 231 P.3d at 278. Because *Ayala* explains the principal test of an employment relationship under common law, it is clearly relevant to the issue here. *See* 327 P.3d at 171.

discharge the worker without cause, because '[t]he power of the principal to terminate the services of the agent gives him the means of controlling the agent's activities.'" *Id.* at 171 (alteration in original) (quoting *Malloy v. Fong*, 232 P.3d 241, 249 (Cal. 1951)). "[W]hat matters under the common law is not how much control a hirer *exercises*, but how much control the hirer retains the *right* to exercise." *Id.* at 172. Other factors, including those recited in *Futrell v. Payday California, Inc.*, 119 Cal. Rptr. 3d 513, 526 (Cal. Ct. App 2010), upon which the district court relied, are "secondary indicia." *Ayala*, 327 P.3d at 171.

Plaintiffs have presented evidence that BBSI retained the right to terminate MM 879 employees with or without cause, even if it did not exercise that right. For example, the Application for Co-Employment for MM 879 employees stated: "Employment at your Worksite Employer and Barrett Business Services, Inc. (BBSI) is 'AT-WILL.' The employment relationship may be terminated for any reason with or without cause or notice at any time by you *or either Company*." (Emphasis added.) Further, BBSI's Person Most Knowledgeable testified that BBSI retained "the right . . . to terminate the employment, with or without cause, of a worker for a Merry Maids franchise in California." Similarly, the Agreement for Employer and Staffing Services between BBSI and MM 879 stated that BBSI "shall have the right to hire, discipline, and terminate [e]mployees." The

Application for Co-Employment described several offenses that could merit discipline or termination by BBSI. Finally, in the Employee Handbook for MM 879 employees, BBSI is unambiguously characterized as a joint employer. Such characterization, standing alone, is not necessarily enough to create an employment relationship, but it is evidence of such a relationship.

Under *Ayala*, the district court therefore erred in concluding as a matter of law that BBSI did not establish a common law employment relationship with Plaintiffs. We reverse the district court's grant of summary judgment to BBSI.

3. We decline to certify to the California Supreme Court the question whether the ostensible agency theory applies to the definition of employer in California Wage Order 5-2001.

**AFFIRMED in part, REVERSED in part, and REMANDED.**